FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 2 7 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

AKONAM PETER ORJI-OKEREKE,

Defendant.

11-CR-392

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On September 22, 2011, Akonam Peter Orji-Okereke pled guilty to a lesser-included offense contained within the first count of a two-count indictment. The first count of the indictment charged that on or about April 27, 2011, within the Eastern District of New York and elsewhere, Orji-Okereke knowingly and intentionally imported into the United States one kilogram or more of a controlled substance containing heroin, in violation of 21 U.S.C. § 952(a).

Orji-Okereke was sentenced on September 20, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between thirty-seven and forty-six months. The offense to which the defendant pled guilty carries a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). The maximum fine that could have been imposed was $1,000,000. *See id.*

Orji-Okereke, who had already served roughly seventeen months in prison, was sentenced to time served; he will soon be deported. A special assessment of $100 was imposed. A fine of $4,000 was ordered. A supervised release term of three years was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. Orji-Okereke flew from Ghana to New York having swallowed a large quantity of heroin pellets. He was to receive, upon his arrival in New York, information regarding the delivery of the narcotics.

Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is forty-two years old and is a citizen of Nigeria. He was raised in extremely difficult circumstances. His father died when he was an infant, and he was sent to live with his mother's relatives. They treated him in a reprehensible fashion, and he eventually ran away so that he could live with his mother. A year after his return, he was sent to live with an uncle who treated him considerably better than his other relatives had. He moved out of his uncle's home at age 20 so that he could live and work on his own. He became an itinerant laborer and worked frequently as a house servant for families.

Defendant has six siblings; he enjoys good relationships with all of them. He remains close with his mother and paid her medical bills prior to his arrest for the instant offense. He married in 2002 and his wife remains supportive of him; they have five children.

A sentence of time served—the defendant has already been incarcerated for nearly seventeen months—and the financial penalty imposed serve to reflect the seriousness of the offense, will promote respect for the law, and will provide just punishment. *See id.* § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the lengthy term of imprisonment already served and the fine that was ordered. Specific deterrence

is of less importance in this case, as the defendant appears extremely remorseful for his criminal behavior.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: September 21, 2012
      Brooklyn, New York